UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| GREGORY STEPHEN LAMB, SARAH SMITH, and THEIR TWO MINOR CHILDREN,<br><br>    *Plaintiffs,*<br>v.<br><br>OFFICER TRAVIS GREGG, individually and in his official capacity, and CITY OF CLEVELAND, TENNESSEE,<br><br>    *Defendants.* | No.1:05-cv-348<br>*Edgar* |

**MEMORANDUM**

Plaintiffs Gregory Stephen Lamb, Sarah Smith, and their two minor children bring this civil rights action against defendants Officer Travis Gregg,[1] individually and in his official capacity, and the City of Cleveland, Tennessee ("Cleveland"). Plaintiffs Lamb and Smith allege claims pursuant to 42 U.S.C. § 1983 ("Section 1983") and pursuant to T.C.A. § 4-21-101 for Officer Gregg's alleged use of excessive force against them. In their amended complaint plaintiffs allege that Officer Gregg shot Lamb and Smith causing them to suffer serious injuries. They further allege that the City of Cleveland was negligent in its failure properly to hire, train, or supervise Officer Gregg.

Defendant City of Cleveland, Tennessee ("Cleveland") brings a motion to dismiss plaintiffs' amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [Court Doc.

---

[1] It appears from defendants' answer to the amended complaint that Officer Gregg's name is actually spelled "Graig." [Court Doc. No. 2]. However, because the caption of this case refers to this defendant as Officer Gregg, this Court will do the same.

No. 4]. Plaintiffs oppose the motion to dismiss. [Court Doc. No. 7]. The Court recognizes that this is a close case. However, after reviewing the record and the applicable law, the Court will **DENY** Cleveland's motion to dismiss.

I.      Background

In their original complaint plaintiffs allege that on November 28, 2004 Officer Gregg fired shots injuring them. Plaintiffs filed their original complaint in the Circuit Court of Bradley County, Tennessee on November 28, 2005. Their original complaint names Officer Gregg, individually and in his official capacity, and the Bradley County Sheriff's Office and the Bradley County Government ["Bradley County defendants"] as defendants. The complaint states that "Defendant Bradley County Sheriff's office was negligent in that it did not properly hire, train, or supervise Defendant Gregg, and eventually ratified his reckless or negligent use of force against this couple. Furthermore, Bradley County was as negligent in retaining Defendant Gregg at it was in hiring him." [Court Doc. No. 1-2]. From the record it appears that plaintiffs attempted to serve Officer Gregg at his place of work and that on November 30, 2005, a representative of the Cleveland Police Department accepted substitute service on behalf of Officer Gregg. [Court Doc. No. 1-2].

On December 2, 2005 plaintiffs filed an amended complaint in the Circuit Court of Bradley County, Tennessee. [Court Doc. No. 1-3]. The amended complaint appears substantially the same as the original complaint, with the exception of the substitution of Cleveland for the Bradley County defendants. *Id.* The record also indicates that plaintiffs served Officer Gregg and the City of Cleveland with a summons and the amended complaint on December 12, 2005. [Court Doc. No. 1-3].

The defendants jointly removed the case to this Court on December 20, 2005. [Court Doc. No. 1-1]. From the record it appears that Cleveland and Officer Gregg share the same counsel. Cleveland and Officer Gregg filed a joint answer to the amended complaint on January 20, 2006. [Court Doc. No. 2].

## II.     Standard of Review

Cleveland has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [Court Doc. No. 5]. To withstand a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a complaint "must allege facts which, if proved, would entitle the plaintiff to relief." *Johnson v. City of Detroit*, __ F.3d __, 2006 WL 1153762 *2 (6th Cir. 2006) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957)). When analyzing a motion to dismiss for failure to state a claim, the Sixth Circuit " 'construe[s] the complaint in a light most favorable to the plaintiff, accept[s] all of the factual allegations as true and determine[s] whether the plaintiff can prove no set of facts in support of his claims that would entitle him to relief.' " *Johnson*, 2006 WL 1153762 at *2 (quoting *Arrow v. Federal Reserve Bank of St. Louis*, 358 F.3d 392, 393 (6th Cir. 2004)). However, the plaintiff must do more than assert legal conclusions. Instead, " 'the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.' " *Johnson*, 2006 WL 1153762 at *2 (quoting *National Hockey League Players Ass'n v. Plymouth Whalers Hockey Club*, 419 F.3d 462, 468 (6th Cir. 2005)).

## III.    Analysis

Cleveland argues that plaintiffs' Section 1983 claims against it are barred by the statute of limitations and should therefore be dismissed. State law determines the length of the statute

-3-

of limitations period for Section 1983 actions.  *See Terry v. Memphis Housing Authority*, __ F.Supp.2d __, 2006 WL 721495 *7 (W.D. Tenn. 2006) (citing *Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003)).  A one-year statute of limitations applies under Tennessee law.  *Terry*, 2006 WL 721495 at *7 (citing Tenn. Code Ann. § 28-3-104(a)(3)).  Causes of action pursuant to Tenn. Code Ann. § 4-21-101 *et seq*. must also be brought within one year of the alleged injury.  *See* Tenn. Code Ann. § 4-21-311(d).

It is undisputed that plaintiffs filed their original complaint exactly one-year from the date of their alleged injuries.  [Court Doc. No. 1-2].  Further, it is undisputed that plaintiffs did not name Cleveland as a defendant in their original complaint.  *Id.*  However, plaintiffs filed an amended complaint four days after filing their original complaint.  This amended complaint properly named Cleveland as a defendant and removed the Bradley County defendants.  The question is whether the amended complaint relates back to the original complaint for statute of limitations purposes.

Rule 15 of the Tennessee Rules of Civil Procedure relates to the amendment of pleadings. Tennessee Rule of Civil Procedure 15.03 states:

> Whenever the claim or defense asserted in amended pleadings arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party or the naming of the party by or against whom a claim is asserted relates back if the foregoing provision is satisfied and if, within the period provided by law for commencing an action or within 120 days after commencement of the action, the party to be brought in by amendment (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Tenn. R. Civ. P. 15.03. The goal of Rule 15 "is 'to insure that cases and controversies be determined upon their merits and not upon legal technicalities or procedural niceties.'" *Doyle v. Frost*, 49 S.W.3d 853, 856 (Tenn. Sup. Ct. 2001) (quoting *Karash v. Pigott*, 530 S.W.2d 775, 777 (Tenn. Sup. Ct. 1975)). The Tennessee Supreme Court has interpreted Rule 15.03 as providing that:

> amendments to the pleadings to substitute or change the name of a party will be considered filed on the date of the original pleading so long as the party affected by the amendment had notice of the suit during the limitations period (or within 120 days of the filing date) and knew or should have known that, but for a mistake as to its identity, the suit would have been brought against it. As noted by courts construing the corresponding federal rule, Fed. R. Civ. P. 15(c), the purpose behind the Rule is to 'ameliorate the effect of a statute of limitations where the plaintiff has sued the wrong party but where the right party has had adequate notice of the institution of the action.'

*Doyle*, 49 S.W.3d at 856 (quoting *Bloomfield Mechanical Contracting, Inc. v. Occupational Safety & Health Review Comm'n*, 519 F.2d 1257, 1262 (3d Cir. 1975)).

In the instant action the claim against Cleveland arose out of the same transaction and occurrence set forth in the original pleading–namely Officer Gregg's alleged shooting of the plaintiffs. Thus, this part of Rule 15.03 is satisfied. Further, it appears from the record that Cleveland had notice of the lawsuit well within 120 days of the filing of the original complaint. It is possible that Cleveland received notice when plaintiffs attempted to serve Officer Gregg with the original summons and complaint at his place of employment. A representative of the Cleveland Police Department accepted service of the summons. [Court Doc. No. 1-2]. In addition, the plaintiffs filed the amended complaint within four days after filing the original complaint and served Cleveland and Officer Gregg shortly thereafter. Thus, Cleveland wisely does not argue that it has been prejudiced by the short delay in actual notice of this action.

-5-

Cleveland argues, instead, that plaintiffs' naming of the Bradley County defendants in the original complaint and the subsequent substitution of Cleveland for those defendants was not the result of a mistake as defined by Rule 15.03. It argues that rather than a mistake, plaintiffs' substitution of defendants resulted from a failure properly to investigate their claims and a failure to file their complaint with enough time to amend it within the statute of limitations. Thus, Cleveland argues, plaintiffs' claims against Cleveland should be dismissed because they do not fit the requirements of Rule 15.03(2).

Under Tennessee law a mistake within the meaning of Rule 15.03 "does not exist merely because a party who may be liable for conduct alleged in the original complaint was omitted as a party defendant." *Sallee v. Barrett*, 171 S.W.3d 822, 830 (Tenn. Sup. Ct. 2005). It is true that Tennessee courts have found no mistake under Rule 15.03 in situations in which plaintiffs failed to undertake an adequate pre-complaint investigation and waited to file suit until immediately prior to the expiration of the statute of limitations. *See e.g., Turner v. Aldor Company of Nashville, Inc.*, 827 S.W.2d 318, 322 (Tenn. Ct. App. 1992). However, *Turner* is distinguishable from the situation present in this action. In *Turner* the plaintiff failed to name the correct defendant, and the named defendant filed a third-party complaint against the proper defendant. *Id.* at 319-20. On the eve of trial over a year later and over a year after the expiration of the statute of limitations, the defendant filed a non-suit against the proper defendant. *Id.* Plaintiff then also filed a non-suit. Then plaintiff attempted to file a new complaint against the proper defendant over a year and a half after the expiration of the statute of limitations. *Id.* In contrast, in this action, plaintiffs quickly perceived their error in failing to name Cleveland as a defendant, and they filed an amended complaint only four days after the filing of the original complaint.

-6-

Case 1:05-cv-00348   Document 13   Filed 05/23/06   Page 6 of 10   PageID #: 6

The plaintiffs note that they sued Officer Gregg individually and in his official capacity in the original complaint. They argue that because a suit against an individual in his or her official capacity is really a suit against the entity for which he is an agent, Cleveland had notice that plaintiffs were suing it. It is true that:

> [o]fficial-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent' . . . As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.

*Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S.Ct. 3099, 3105 (1985). The Court also recognizes, however, that some federal courts have determined that a pendent state law claim against a city does not relate back to the original complaint under the analogous Fed.R.Civ.P. 15(c)(3), even though a defendant officer was sued in the original complaint in his official capacity. *Messina v. Mazzeo*, 854 F.Supp.116, 146-47 (E.D.N.Y. 1994). *Messina* is distinguishable from the instant action. In *Messina* the plaintiff attempted to bring a completely new pendent state law claim against the city–one which the city had no reason to expect the plaintiff would pursue. *Id.* In contrast, in this action plaintiffs are attempting to bring the same cause of action against Cleveland as they are bringing against Officer Gregg in his official capacity.

This court is also aware of federal court decisions that have refused to allow a plaintiff to amend a complaint to sue a defendant in his individual capacity in situations in which the plaintiffs sued the defendant solely in his official capacity before the expiration of the statute of limitations. *See Lovelace v. O'Hara*, 985 F.2d 847, 850-51 (6th Cir. 1993); *Eaglesmith v. Ward*, 73 F.3d 857, 860 (9th Cir. 1995). The Court is further aware that some federal courts have

determined that a lack of knowledge does not constitute a mistake pursuant to Fed.R.Civ.P. 15(c)(3). *See Bilal v. East Hartford Police Dept.*, 2005 WL 3455119 *3 (D. Conn. 2005) (citing *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 469-70 (2d Cir. 1995), *modified and aff'd*, 74 F.3d 1366, 1367 (2d Cir. 1996)); *Walters v. NYC Health Hospital Corp.*, 2006 WL 846711 *3 (S.D.N.Y. 2006) (citing *Sidney v. Wilson*, 228 F.R.D. 517, 520 (S.D.N.Y. 2005)).

However, other federal courts disagree with a narrow definition of the word "mistake" in Fed.R.Civ.P. 15(c)(3). In a recent case the Third Circuit noted:

> It is of no consequence that [plaintiff's] mistake resulted from lack of knowledge, rather than mere misnomer. Although a majority of courts have held that only a 'misnomer or misidentification' of an existing party can constitute a 'mistake concerning the identity of the proper party' under Rule 15(c) . . . there is no linguistic basis for this distinction. A 'mistake' is no less a 'mistake' when it flows from lack of knowledge as opposed to inaccurate description. . . . An amendment naming a new party will relate back to the original complaint if the party had adequate notice of the action and should have known that it would have been named in the complaint but for a mistake–whether the mistake is based on lack of knowledge or mere misnomer.

*Arthur v. Maersk, Inc.*, 434 F.3d 196, 208-209 (3d Cir. 2006) (citations omitted).

Other decisions also demonstrate a broader view of the term "mistake." In *Doyle* the Tennessee Supreme Court determined that but for the plaintiffs' mistake in identifying the correct employer at issue, plaintiffs would have sued the appropriate entity. 49 S.W.3d at 857. It held that the plaintiffs satisfied the requirements of Tennessee's Rule 15.03. *Id.* Further, the Sixth Circuit has held that an amended complaint related back to the original complaint for statute of limitations purposes in a situation in which a plaintiff, who mistakenly sued an immune entity instead of the individual defendant, amended her complaint to reflect that she was suing the individual. *See Black-Hosang v. Ohio Dep't of Public Safety*, 96 Fed.Appx. 372, 376-78 (6th Cir. 2004).

Tennessee law supports a policy of courts hearing causes of action on the merits and not dismissing cases based on technicalities. *Doyle*, 49 S.W.3d at 856. Based on the particular facts of this case, the Court concludes that plaintiffs' amended complaint relates back to their original complaint for statute of limitations purposes under Tenn.R.Civ.P. 15.03. The original complaint named Officer Gregg a defendant, individually and in his official capacity. A suit against a defendant in his official capacity is a suit against the entity of which he is an agent. *See Kentucky*, 473 U.S. at 165-66. The causes of action against Officer Gregg and Cleveland arise out of the same transaction. It appears that plaintiff served the complaint upon a representative of the Cleveland Police Department when trying to serve Officer Gregg with the original complaint. Thus, the Cleveland Police Department may have had notice of the lawsuit upon service of the first summons. The same attorneys represent both Officer Gregg and Cleveland, providing further support for the Court's conclusion that Cleveland had notice of the lawsuit as early as Officer Gregg did. Further, plaintiffs corrected their error in the original complaint by substituting Cleveland for the Bradley County defendants only four days after the filing of the original complaint. Cleveland was therefore not prejudiced by the error. In addition, a cursory review of the original complaint reveals that plaintiffs were attempting to sue Officer Gregg's employer in the original complaint, but that they were mistaken as to the identity of his proper employer. Thus, Cleveland knew or should have known, that but for their mistake, plaintiffs sought to sue Cleveland. It is true that the plaintiffs could have investigated their complaint more thoroughly and could have filed their complaint with enough time to amend it and remain within the bounds of the statute of limitations. However, despite plaintiffs' lack of diligence, the

Court concludes that plaintiffs' amended complaint meets the requirements of Tenn.R.Civ.P. 15.03. Therefore, the Court will **DENY** Cleveland's motion to dismiss.

**IV.    Conclusion**

After reviewing the record and the applicable law, the Court concludes that defendant's motion to dismiss will be **DENIED**.

A separate order will enter.

                                            */s/ R. Allan Edgar*
                                            R. ALLAN EDGAR
                                            UNITED STATES DISTRICT JUDGE